Filed 4/26/23  P. v. Alarcon CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B322660 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA092630) |
| v. | |
| GONZALO ALARCON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Juan C. Dominguez, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

# INTRODUCTION

Appellant Gonzalo Alarcon appeals the superior court's denial of his petition to for relief under former Penal Code section 1170.95 (current Penal Code section 1172.6), in which appellant sought to vacate his 2011 conviction for willful, deliberate, and premeditated attempted murder. After his appointed appellate counsel filed a brief raising no issues, appellant filed a supplemental brief asserting various flaws and infirmities at his original trial and sentencing, without assigning error to the superior court's ruling on his petition. Appellant further argues his appellate counsel rendered ineffective assistance by failing to raise the issues he identifies in his supplemental brief.

In postconviction appeals from the denial of a Penal Code section 1172.6 petition in which counsel finds no arguable issues, an appellate court need not independently review the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) If the defendant subsequently files a supplemental brief, the court is required to evaluate only the arguments presented in that brief. (*Ibid.*) Given that appellant fails to address the issues relevant to his petition below, we find no error in the trial court's ruling on it. Appellant's challenges to the conduct of his original trial and sentencing are not cognizable in this appeal. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a [prior Penal Code] section 1170.95 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's

findings"].)  And his appellate counsel could not have rendered deficient performance by failing to raise meritless issues on appeal.  (Cf. *People v. Lucero* (2000) 23 Cal.4th 692, 732 ["'Counsel may not be deemed incompetent for failure to make meritless objections'"].)

## DISPOSITION
The superior court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

DAUM, J. *

We concur:

COLLINS, J.                                CURREY, Acting P.J.

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.